Opinion filed May 24, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00263-CR 

                                                    __________

 

                      LEOPOLDO
TAVAREZ ARREOLA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR38027

 



 

M E M O R A N D
U M   O P I N I O N

 

            The
jury convicted Leopoldo Tavarez Arreola of possession of cocaine in an amount
of less than one gram and assessed punishment at confinement in the State Jail
Division of the Texas Department of Criminal Justice for a term of two years
and a fine of $7,500.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (b) (West 2010). 
The jury recommended that the fine be suspended.  The trial court suspended the
sentence, including the fine, and placed Arreola on community supervision for a
term of five years.  Arreola challenges his conviction in two issues.  We
affirm.

            In
his first issue, Arreola asserts that the trial court erred when it refused to
allow defense counsel to cross-examine the arresting officer about a similar
encounter with another citizen just before the officer arrested Arreola.  In
his second issue, Arreola argues that the trial court erred when it refused to
allow him to present evidence that he had taken and passed numerous drug tests.

            We
review a trial court’s decision to admit or exclude evidence under an abuse of
discretion standard.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991).  We will reverse a trial court’s ruling only if it is outside
the “zone of reasonable disagreement.”  Id. 

            Midland
Police Officer Brad Robertson testified that he was working the night shift on
October 9, 2010, when he was dispatched to a disturbance at the Reventon
Caliente bar at approximately 12:50 a.m.  When he arrived, there was no longer
a disturbance.  However, while Officer Robertson and other officers performed a
walk-through of the bar, another disturbance began.  Officer Robertson saw Arreola
trying to fight with the bar staff.  Arreola had raised his hand as if to
strike the staff member.  A bouncer shoved Arreola outside to remove him from
the bar.  Officer Robertson made contact with Arreola outside the bar and
placed him in handcuffs for officer safety.  After speaking with Arreola about
the disturbance and after observing signs of intoxication, Officer Robertson
arrested him for public intoxication.  He performed a cursory search of
Arreola, placed him in the back of his patrol car, and then transported him to
the central detention center.

            During
the booking process, Correctional Officer Tiffany Kae Goodwin took an inventory
of Arreola’s personal property.  She found a one-dollar bill folded up into a
pouch or pocket-type shape; there was cocaine inside the pouch.

            On
cross-examination, defense counsel asked Officer Robertson about discrepancies
in his initial police report of the incident.  Officer Robertson testified that
he made a mistake in his initial report when he stated in the body of the
report that the person arrested was Miguel Aryan Miranda and in another section
of the report that Arreola was the person involved.  Defense counsel asked
Officer Robertson about the circumstances surrounding Miranda’s arrest, but the
State objected.  Defense counsel argued that the details of Miranda’s arrest
were relevant to Arreola’s arrest because the details were in the police report
with Arreola’s name on it, occurred on the same day, and were very similar to
the details of Arreola’s arrest: both men were drunk, both men were searched,
and Officer Robertson found the same amount of cocaine packaged in the same way
on both men.  The State argued that, although the report could be used to
impeach Officer Robertson by showing that he made a mistake in his initial report
and had filed a corrected report, the details of another person’s arrest were
not relevant to the charges against Arreola.  The trial court sustained the
State’s objection, and Arreola made a bill of exception.

            Outside
the presence of the jury, Officer Robertson testified that he stopped Miranda
for driving while intoxicated prior to arresting Arreola.  He searched Miranda
and found 0.2 grams of cocaine in a one-hundred-dollar bill.  Officer Robertson
turned Miranda over to one of the drug detectives and put the cocaine in an
evidence bag in his trunk.  He eventually placed the cocaine in an evidence
locker.  Miranda was never charged with the commission of a crime because the
drug detectives were going to use him as an informant.  Officer Robertson
further testified that Arreola and Miranda had absolutely nothing to do with
each other but that he made a mistake late in the night by putting the
narrative regarding Miranda into the report for Arreola.  At the conclusion of
the bill of exception, the trial court again sustained the State’s objection.

            In
his first issue on appeal, Arreola argues that this evidence is relevant
because it connects Officer Robertson to the same amount of cocaine packaged in
the same way as the cocaine found in Arreola’s possession during booking and,
thus, that the evidence undermined the State’s allegation that Arreola
knowingly possessed contraband.  We note that the police reports are not in the
appellate record for our review.  

            Relevant
evidence is evidence that tends to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it
would be without the evidence. Tex. R.
Evid. 401. All relevant evidence is admissible, except as otherwise provided
by constitution, statute, or other rules of evidence; irrelevant evidence is
inadmissible.  Tex. R. Evid. 402.

            Arreola
contends that Officer Robertson’s encounter with Miranda is relevant to Officer
Robertson’s encounter with him because both encounters took place on the same
day, both involved Hispanic males who were intoxicated, and both males
allegedly possessed the same amount of cocaine packaged in a bill of money.  However,
during Arreola’s bill of exception, Officer Robertson testified that Miranda
and Arreola had absolutely nothing to do with each other and that he put
Arreola’s name on Miranda’s narrative by mistake.  Officer Robertson also
testified that the amount of cocaine found on Miranda was 0.2 grams and that he
found it in a one-hundred-dollar bill.  After seizing the cocaine from Miranda,
he placed it in an evidence bag in the trunk of his car and later transferred
the evidence bag containing the 0.2 grams of cocaine to an evidence locker. 
The evidence at trial showed that the amount found on Arreola during booking
was 0.15 grams and was found in a one-dollar bill.  Although the amount and
packaging of cocaine found on each male were similar, they were not identical
as Arreola suggests.  In addition, Officer Robertson testified that suspects
typically transport narcotics in bills of money.

            Furthermore,
when defense counsel first began to cross-examine Officer Robertson, he asked
him about the date and time discrepancies in the reports.  Officer Robertson
testified that the first report had a date and time of Saturday, October 9,
2010, at 3:02 a.m., whereas the report dealing with Arreola showed Sunday, October
9, 2010, at 12:50 a.m.  He admitted that the incident with Arreola actually
occurred on Sunday, October 10, 2010, and that the date of October 9 was an
error in his report.  In reviewing his own reports, he believed that the
incident with Miranda occurred the day before the encounter with Arreola.  Thus,
it appears from Officer Robertson’s testimony that the encounter with Miranda
occurred on October 9, 2010, at 3:02 a.m., almost twenty-two hours prior to his
encounter with Arreola.  Because Arreola did not offer the police reports as
part of the evidence within his bill of exception, the reports are not included
in the appellate record for our review.  Thus, it is impossible for us to review
the format of the reports, the narrative in question, or the time and date discrepancies
in each report.  The trial court, however, did have the benefit of reviewing
the police reports in deciding to exclude the evidence.  Taking into
consideration Officer Robertson’s testimony that his encounters with Miranda
and Arreola were two separate encounters that had nothing to do with each other
and the fact that the trial court was able to review the police reports, we
cannot say that the trial court’s decision to exclude this evidence was outside
the zone of reasonable disagreement.  We overrule Arreola’s first issue.

            In
his second issue, Arreola argues that the trial court erred when it refused to
allow him to present evidence that he had taken and passed numerous drug
tests.  After the State rested and before Arreola began to present his defense,
the State informed the trial court that three of Arreola’s witnesses would be
testifying to information that was not relevant to the charges against
Arreola.  The three witnesses were Fernando Reyna, Arreola’s employer in February
2011; Ms. Murphy, who drug-tested Arreola for his employer in 2011; and
Arreola’s wife.  Arreola argued that his negative drug tests and the fact that
he was hired by a trucking company that frequently drug-tested its employees were
relevant to the State’s allegation that he possessed less than a gram of
cocaine because the evidence would show that he was not a cocaine user and,
thus, that it was unlikely that he would be in possession of cocaine.  The
trial court found that the proximity of time from the possession charge in
October 2010 to Arreola’s negative drug tests in February 2011 was too
attenuated to be relevant.  The trial court sustained the State’s objections to
Reyna’s and Murphy’s testimony but overruled the State’s objection to Arreola’s
wife’s testimony.

            A
bill of exception as to Murphy’s testimony was not made because Murphy told the
court that she would be unable to testify to the results of the drug test that
she performed without a release from the company.  A bill of exception was made
as to Reyna’s testimony.  Reyna testified in the bill that he was the acting
manager of Permian Services and that Arreola was drug-tested when he came to
work for Permian Services in February 2011.  The drug test was negative.  Reyna
further testified that, if the company had any knowledge of Arreola using
drugs, the company would not have hired him.  Reyna was not aware that Arreola
had a pending felony drug charge when Arreola was hired, but Reyna was only the
assistant manager at the time and thus did not review Arreola’s application or
personally hire Arreola.  Permian Services had nothing to do with Arreola in
October 2010.

            On
appeal, Arreola argues that, because evidence of prior drug use is relevant to
show intent and knowledge in a possession case, evidence of subsequent nonuse
is relevant to show a lack of intent and knowledge.  Regardless of whether
evidence of Arreola’s non-drug use four months after his arrest is relevant to
show that he lacked the intent or knowledge required for possession, the trial
court did not err in excluding the evidence under Tex. R. Evid. 404 and 405.  Rule 404 permits a defendant to
introduce evidence of a pertinent character trait to prove action in conformity
with that trait.  Rule 404(a)(1)(A).  If the character trait is an essential
element of the crime charged, the defendant may introduce the evidence through
specific instances of conduct.  Rule 405(b).  However, when the character trait
is not an essential element of the crime charged, the defendant may only introduce
evidence of his good character trait through reputation or opinion testimony.  Rule
405(a).  

            A
conviction for unlawful possession of a controlled substance requires the State
to prove beyond a reasonable doubt that the defendant exercised control,
management, or care over the controlled substance and that the defendant knew
that the matter he possessed was contraband.  Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005).  Drug use is not an essential element
of the offense of possession of a controlled substance.  Norton v. State,
No. 14-04-00871-CR, 2006 WL 771891, at *4 (Tex. App.—Houston [14th Dist.] Mar.
28, 2006, pet. ref’d) (mem. op., not designated for publication).  Therefore,
Arreola could only offer evidence of his good character trait as a non-drug
user in the form of reputation or opinion testimony.  Evidence that showed
Arreola passed a drug test is evidence in the form of a specific instance of
conduct, and thus was inadmissible character evidence under Rule 405.  Therefore,
the trial court did not abuse its discretion in excluding this evidence.  We
overrule Arreola’s second issue.

            The
judgment of the trial court is affirmed.

            

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

May 24, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.